ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

Attorneys for Plaintiffs
JENNIFER WARD and AUNDRE PIPKIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER J. WARD, and AUNDRE PIPKIN,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CARS RECOVERY, INC., and CAPITAL ONE, N.A.,<br><br>　　　　Defendants. | Case No: 5:19-CV-00177<br><br>**COMPLAINT FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**3. CONVERSION**<br><br>**4. VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT** |

COMPLAINT

Plaintiffs Jennifer J. Ward and Aundre Pipkin hereby complain against defendants CARS Recovery, Inc. ("CARS"), and Capital One, N.A. ("Capital One"), and allege on information and belief as follows:

## OPERATIVE FACTS

1. On or about June 20, 2016, plaintiffs purchased a 2013 Toyota Prius primarily for personal, family, or household use, from Gosch Toyota in Hemet, California, under a conditional sales contract. The dealership assigned the contract to defendant Capital One.

2. Plaintiffs fell behind on their account with Capital One, but made payment arrangements, in which Capital One agreed not to repossess the vehicle.

3. Despite its promise not to repossess, Capital One hired defendant CARS Recovery, Inc. to repossess plaintiff's vehicle.

4. On or about September 13, 2018, defendant CARS arrived at plaintiffs' secured, gated complex and repossessed plaintiffs' vehicle. In order to repossess the vehicle, CARS unlawfully entered the secured complex, through a locked gate, without the owner's permission. Accordingly, defendant CARS breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d). Capital One returned plaintiffs' vehicle after the repossession and acknowledged its error in repossessing it contrary to the payment arrangements.

5. A short time later, on or about September 27, 2018, Capital One once again sent CARS to repossess plaintiffs' vehicle. Once again, CARS unlawfully entered the secured area of plaintiffs' apartment complex, through a locked gate, without the owner's permission, thereby again breaching the peace and violating Bus. & Prof. Code § 7508.2(d).

6. Defendant Capital One issued a "Notice of Our Plan to Sell Property" to plaintiffs, and mailed it to their old address. The mailing to the wrong address violated Civil Code § 2983.2(a) and Commercial Code § 9611(b).

1

7. Capital One's NOI issued to plaintiffs was defective and did not comply with the Rees-Levering Automobile Sales Finance Act, because:

(a) It lacked the disclosure required by Civil Code § 2983.2(a)(9), i.e. "that upon the disposition of the motor vehicle, [the consumer] will be liable for the deficiency balance plus interest at the contract rate, or at the legal rate of interest pursuant to Section 3289 if there is no contract rate of interest, from the date of disposition of the motor vehicle to the date of entry of judgment."

(b) In violation of Civil Code § 2983.2(a)(7), it failed to advise plaintiffs that any request for an accounting had to be personally served or sent first-class mail, postage prepaid, or certified mail, return receipt requested.

8. As a result of the breach of the peace and the defective NOI, plaintiffs did not owe a deficiency balance to Capital One after the auction of their vehicle. See Civil Code §§ 2983.2(a) and 2983.8(b).

9. Nevertheless, Capital One assessed a deficiency balance, and reported on Aundre Pipkin's credit reports that he owed this deficiency balance, and that the account had been charged off, to the three credit reporting agencies, Trans Union, Experian, and Equifax. A deficiency balance, and a charge-off, are seriously derogatory marks on a consumer's credit report. In addition, Capital One reported a repossession on Aundre Pipkin's credit reports, which was inaccurate because the repossession itself was unlawful.

## JURISDICTION AND VENUE

10. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this

district.

## PARTIES

12. Plaintiffs are both natural persons over the age of 18 years and are residents of the state of California, county of Riverside.

13. Defendant CARS Recovery, Inc. is a California corporation with its headquarters in Arcadia, California.

14. Defendant Capital One, N.A. is a national banking association headquartered in Virginia.

15. Except as specifically noted herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
**(Against Defendant CARS for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

16. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

17. Plaintiffs are each a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

18. Defendant CARS violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

19. Plaintiffs are entitled to any actual damages sustained by them as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

20. Plaintiffs are entitled to $1,000 in statutory damages each pursuant to 15 U.S.C. § 1692k. Defendant CARS committed its violations willfully and knowingly, and has frequently and persistently failed to comply with the FDCPA. The nature of defendant's violations justifies the maximum statutory damages award available.

21. Plaintiffs are entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiffs pray for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

22. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

23. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

24. Plaintiffs are each a "debtor" within the meaning of Civil Code § 1788.2(h) in that they are natural persons from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

25. The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or

alleged be due or owing by reason of a consumer credit transaction.

26.   Defendants violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiffs. Defendant CARS violated Bus. & Prof. Code § 7502.1(a) and committed a misdemeanor, by violating Bus. & Prof. Code § 7508.2(d).  CARS also violated Penal Code 602(n).  Defendant Capital One committed a misdemeanor, as set forth at Civil Code § 2983.6, when it willfully failed to provide plaintiff with a compliant statutory written notice under Civil Code § 2983.2(a), and mailed that notice to a wrong address.

27.   Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

28.   As a proximate result of defendants' violations of the Rosenthal Act, plaintiffs have been damaged in amounts which are subject to proof. Plaintiffs are entitled to recover actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

29.   Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiffs are entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

30.   Plaintiffs are entitled to recover their attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiffs pray for relief as set forth below.

## THIRD CAUSE OF ACTION
### (Against All Defendants for Conversion)

31. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

32. Plaintiffs were entitled to immediate possession of their vehicle at the time of the first repossession, because they were not in breach of their contract and Capital One had promised not to repossess the vehicle.

33. Defendants wrongfully deprived plaintiffs of the possession of their vehicle during the first repossession, by taking it in breach of the peace, and in violation of the payment arrangements made with Capital One.

34. Defendants wrongfully deprived plaintiffs of the possession of their vehicle during the second repossession, by taking it in breach of the peace.

35. After the second repossession, plaintiffs were entitled to immediate possession of their vehicle by paying the reinstatement or redemption amount to Capital One, pursuant to their rights under the Rees-Levering Act and the UCC. Capital One deprived plaintiffs of possession of their vehicle by mailing the NOI to the wrong address, and also mailing a deficient NOI which violated Civil Code § 2983.2(a).

36. Plaintiffs have suffered and are entitled to recover damages for defendants' conversion of their property.

37. Defendants acted with malice, oppression, and/or fraud towards plaintiffs, within the meaning of Civil Code §3294, thereby entitling them to an award of punitive damages. Defendant Capital One has engaged in a pattern and practice of conversion and violations of the Rees-Levering Act, by repossessing the vehicles of consumers, and then failing to issue compliant post-repossession notices to these consumers. Capital One has been sued previously for violating Civil Code § 2983.2(a)(9). Defendant CARS has engaged in a pattern and practice of conversion and violations of the Collateral Recovery Act, by entering secured areas

to repossess vehicles, in breach of the peace. CARS has been repeatedly sued for these violations.

38. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiffs with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, plaintiffs pray for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**(By Plaintiff Aundre Pipkin Against Defendant Capital One for Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 et seq.)**

39. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

40. Defendant Capital One violated and continues to violate Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when it knew or should know have known the information was incomplete or inaccurate.

41. Capital One knows that plaintiff Aundre Pipkin owes no deficiency balance on his account, due to Capital One's violations of the Rees-Levering Act, and the breach of the peace by CARS. However, Capital One has reported, and continues to report, a charge-off, a repossession, and a deficiency balance to the credit reporting agencies as to plaintiff Aundre Pipkin.

42. Plaintiff has suffered actual damages as a result of defendants' unlawful acts, including but not limited to credit damage, court costs, and pain and suffering.

43. Capital One's violations of the Consumer Credit Reporting Agencies Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31.

44. Capital One's violations of the Consumer Credit Reporting Agencies Act are willful, entitling plaintiff to recover punitive damages of up to $5,000 for each month of unlawful credit reporting, and any other relief the court deems proper, pursuant to Civil Code § 1785.31(a)(1)(B).

45. Plaintiff has been aggrieved by defendants' violations described herein, and plaintiff therefore seeks an injunction to put an end to said violations pursuant to Civil Code § 1785.31(b).

46. Plaintiff is entitled to an award of attorneys fees and costs pursuant to Civil Code § 1785.31(d).

WHEREFORE, plaintiffs pray for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages,
2. For statutory damages;
3. For punitive damages;
4. For an injunction;
5. For pre-judgment interest to the extent permitted by law;
6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
7. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury under the United States and California constitutions.

Dated: January 29, 2018

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: /s/
Alexander B. Trueblood

Attorneys for Plaintiffs
JENNIFER WARD and AUNDRE PIPKIN

9

COMPLAINT